## PATTERSON v ZANESVILLE (city) et

Ohio Appeals, 5th Dist, Muskingum Co

Decided March 30, 1932

C. A. Maxwell, Zanesville, for plaintiff.
T. F. Thompson and A. A. George, Zanesville, for defendants.

SHERICK, PJ.

The plaintiff makes no claim and offers no proof of fraud on the part of the defendants; but he does assert that the proceedings are irregular in three respects: First, in that the ordinances of the city and the laws of Ohio were not followed in the proceedings for the letting of the contract; second, that no requisition was ever filed as required by city ordinance; third, that no specifications were ever filed as required by ordinance and state law. The second claim may be eliminated, for it is proved as a fact that a requisition was made as provided by the ordinance under which the plaintiff claims. The two remaining claims may be treated together.

The plaintiff advances §3627, GC, which provides for competitive bidding in contracts wherein the amount exceeds $500, and §4328, GC, which provides for advertisement for bids in a like case, and to §173 of the city's charter, which reads: "When any expenditure in any department other than the compensation of persons employed therein, exceeds five hundred dollars, it shall first be authorized and directed by ordinance of the council. When so authorized and directed, the proper board or officer shall make a written contract in strict accordance with the terms and conditions of the ordinance, with the lowest and best bidder, after advertisement once a week for at least two weeks in two newspapers of general circulation."

Section 94 of the Revised Ordinances of the city of Zanesville is likewise invoked, which prescribes that "all requisitions must be made by the department for which the material or supplies are required, approved by the director in charge of the department;

such requisition shall be accompanied by a sample of the material or supplies to be purchased, or shall contain specifications or plans or both, adequate to describe the requirements set forth in the requisition."

From a consideration of above statutes, charter provisions, and ordinance, it is argued that Ordinance 94 enlarges the prerequisites of Charter Provisions 173, and is the ordinance contemplated therein, and that by reason thereof specifications must be filed before advertisement for bids or the letting of a contract.

In refutation of this claim, the defendants advance §154 of the charter, which prescribes that "The mayor, the director of public service, and the director of public safety shall constitute the board of purchase, and as such shall, except as otherwise provided in this charter, make all purchases for the city in the manner provided by ordinance," and defendants say that Ordinance 94 has no reference to purchases where the amount exceeds $500, but refers to purchases under that sum, for, as stated in Charter §154, the Board shall make all purchases "except as otherwise provided in this Charter," and that Charter §173 does so otherwise provide for purchases in excess of that sum.

It is clear to us that Ordinance 94 is the ordinance spoken of in Charter Provision 154, and therefore this ordinance can have no application to this controversy, and cannot be invoked to sustain the claim that the filing of specifications was a prerequisite to the making of the contract. And it is equally apparent that the emergency Ordinance No. 2240 is the ordinance contemplated by Charter Provision 173. Therefore the board was bound by the provision of Charter §173 to make a contract "in strict accordance with the terms and conditions of" Ordinance No. 2240. This the board did. The ordinance made no term or provision other than "twenty-five non-interfering fire alarm boxes," and the board had no power or authority to further limit by specification the kind of articles that council directed to be purchased.

The plaintiff maintains that the law contemplates the filing of specifications and that such must be of such general character as will admit of intelligent competitive bidding. This is without doubt true in the case of the great majority of public purchases, but it is recognized in §3811, GC, that there are instances where plans or specifications may not be adopted; the reason therefor being that to so do would defeat the intent and purpose of the law, which is to secure to the public the benefit of competitive bidding and to secure the lowest price for the article desired.

The defendants say that whether or not specifications should be required depends upon the property to be purchased, and that in this instance, had general specifications been prepared and filed, other prospective bidders would have been unable to meet the specifications and would have been precluded from bidding, and hence competitive bidding would have existed in form only and not in fact.

The record establishes that there are about thirty manufacturers of fire apparatus; that only two bid; that each was told to submit with its proposal its specifications and claims; that each was told just what the city desired, each was told the same thing, and both were present at the opening of bids; that each submitted a sample of its fire boxes and explained their operation; that no objection was then heard of any fraud, nor was any complaint made by either bidder that facts were concealed or advantage taken; that each had equal opportunity. And the board, after examination and full information, determined that the bid of the defendant company was the lowest and best bid, which bid was $10.50 per box lower than that of its competitor, who appears to be the sole champion of the plaintiff taxpayer.

We are of opinion that competitive bidding was had and the spirit of the law was carried out. Had detailed plans and specifications been adopted by council, such would virtually have destroyed bidding by firms other than the one whose specification was adopted. The cases of Ampt v City of Cincinnati, 9 C. D., 690, 693, 17 C. C., 516, affirmed without opinion, 60 Oh St, 621, 54 NE, 1097, and Fisher Auto & Service Co. v City of Cincinnati, 16 N. P. (N.S.), 369, 26 O. D. (N.P.), 103, are worthy of examination.

Where an article of a general known kind, but where the various makers thereof each have special attachments and devices, is desired to be purchased by municipal authorities, and the ordinance passed to that end is general in its description and not specific in detail as to specifications, and intelligent competitive bidding has been had, as in this case, we perceive no cogent reason why the intent and spirit of the law is not satisfied and fully served.

To enjoin the completion of this contract would be a detriment and not a benefit to the city and its taxpayers. The petition is therefore dismissed at plaintiff's costs.

LEMERT and MONTGOMERY, JJ, concur.